Leonard Truman **WENDEL**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 42830.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 27, 1981.

Carol E. Jackson, Thompson & Mitchell, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Suzanne M. Boersig, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from a denial of his Rule 27.26 motion after an evidentiary hearing. He was initially convicted by a jury of the offense of robbery first degree by means of a dangerous and deadly weapon. The Court sentenced him under the Second Offender Act to serve a term of 25 years in the Department of Corrections. His conviction was affirmed by us in *State v. Wendel*, 547 S.W.2d 807 (Mo.App.1977).

On appeal, movant contends he was denied effective assistance of counsel because his trial attorney failed to interview Dr. Ungvari and present at trial his testimony. Just prior to the date the offense for which movant was convicted occurred, Dr. Ungvari treated movant for an injury sustained to his right hand. At his trial, defendant presented other evidence regarding the injury to his right hand, including two lay witnesses and the hospital records. In fact, we noted this evidence in our opinion reviewing this case on direct appeal:

Evidence that the defendant had sustained an injury to his right hand sometime prior to February 28, 1974, which became infected and swollen, and which caused the mid-finger of his right hand to remain in a flexed position by reason of a laceration of the extensor tendon was also offered. According to this testimony the defendant sustained this injury defending a barmaid from an unruly customer. The thrust of this evidence was for the purpose of demonstrating that the defendant was unable to handle a gun with his right hand as the victims of the robbery had testified the robber did during the course of the incident at the Men's Store.

*State v. Wendel*, 547 S.W.2d 807, 814 (Mo. App.1977).

A review of both the record of the trial and of the evidentiary hearing reveals that the court's determination that movant's trial counsel was effective was not clearly erroneous. No error of law appears and therefore an extended opinion would have no precedential value.

Accordingly, and in compliance with Rule 84.16(b), the judgment is affirmed.

CRIST, P. J., and SNYDER, J., concur.